# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

REYNALDO COLLINS HOLDER,
         Appellant,

v.

DEPARTMENT OF DEFENSE,
         Agency.

DOCKET NUMBER
AT-0752-14-0272-I-1

DATE: August 12, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>J. Emerson Garrison</u>, Fort Rucker, Alabama, for the appellant.

<u>Robert Sutemeier</u>, Esquire, Peachtree City, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his 14-day suspension for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant is an Office Automation Clerk for the agency's Fort Rucker primary school. Initial Appeal File (IAF), Tab 6 at 48. On October 30, 2013, the agency issued a proposal to suspend[2] the appellant for 14 calendar days. *Id*. at 62-66. Through his representative, the appellant responded to the charges. *Id*. at 59-61. On December 5, 2013, the agency issued its decision sustaining the proposed suspension. *Id*. at 54-55.

¶3 The appellant submitted an appeal to the Board, specifying that he had been suspended for "14 working days." IAF, Tab 1 at 4. The administrative judge issued an acknowledgment order, indicating that the Board may not have jurisdiction over his appeal. IAF, Tab 2 at 2. She ordered the appellant to meet his burden of proving that his appeal was within the Board's jurisdiction. *Id*.

¶4 The appellant responded to the acknowledgment order, alleging that the agency's proposal and decision letters each reflect a suspension of 14 calendar days but that his suspension ran for 32 calendar days, from December 10, 2013, to

---

[2] The agency's proposed suspension was based on the charges of: (1) inattention to duty; (2) inappropriate conduct; (3) use of poor judgment; and (4) delay in carrying out a work order. IAF, Tab 6 at 62-64.

January 9, 2014.  IAF, Tab 4 at 4.  According to the appellant, the 32-day span brought his appeal within the Board's jurisdiction over adverse actions.  *Id*.

¶5    The agency submitted a motion to dismiss for lack of jurisdiction.  IAF, Tab 6 at 6-10.  According to the agency, the appellant served his suspension from December 10-19, 2013, and from January 6-9, 2014.  *Id*. at 9; *see also id*. at 49-52 (Standard Form 50s reflecting a suspension from December 10-19, 2013, and January 6-9, 2014).  The agency explained that the appellant was in a non-duty status from December 20, 2013, through January 5, 2014, due to the school's Christmas recess period.  *Id*. at 9 n.1.  Therefore, the agency asserted that the appellant's suspension was not an adverse action within the Board's jurisdiction because it was not a suspension of more than 14 days. *Id*. at 10.

¶6    Finding that there was no factual dispute bearing on the issue of jurisdiction, the administrative judge denied the appellant's request for a hearing and dismissed his appeal.  IAF, Tab 9, Initial Decision (ID) at 1.  She concluded that the agency suspended the appellant for 14 days, not for more than 14 days. ID at 3.  Accordingly, the judge found that the suspension was not an adverse action within the Board's jurisdiction.  ID at 3.

¶7    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

¶8    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  One such limitation is that, while the Board has jurisdiction over suspensions of more than 14 days, it generally lacks jurisdiction over suspensions of 14 days or less.  *See* 5 U.S.C. § 7512(2); *Synan v. Merit Systems Protection Board*, 765 F.2d 1099, 1100-01 (1985); 5 C.F.R. § 1201.3(a)(1).

¶9    We first note that the administrative judge erred in failing to provide the appellant with proper notice of his jurisdictional burden in the acknowledgment order.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44

(Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). The order noted that the appellant was appealing a suspension of 14 days or less, that the Board may not have jurisdiction, and that the appellant had the burden of proving jurisdiction. IAF, Tab 2 at 2. It did not explain how the appellant could prove jurisdiction over his adverse action appeal. However, the appellant's response to the judge's order, the agency's motion to dismiss, and the initial decision all discuss the relevant jurisdictional issue, i.e. whether his suspension was more than 14 days. IAF, Tab 4 at 4, Tab 6 at 10; ID at 2-3. In light of these factors, the failure to provide the appellant with proper *Burgess* notice in the acknowledgment order did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶10 We next note that the appellant had the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2)(i). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). There is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction. *Walker v. Department of Army*, 119 M.S.P.R. 391, ¶ 6 (2013). However, if an appellant makes a nonfrivolous allegation of jurisdiction, but a determination cannot be made based on the documentary evidence, the Board should hold an evidentiary hearing to resolve the jurisdictional question. *Id.* "Nonfrivolous allegations" are allegations of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Id.* at n.2.

¶11 Here, the appellant's initial appeal asserted that he was suspended for "14 working days." IAF, Tab 1 at 4. Following the administrative judge's

acknowledgment order, indicating that the Board may not have jurisdiction, the appellant responded by asserting that his suspension ran from December 10, 2013, through January 9, 2014, for a total of 32 calendar days. IAF, Tab 4 at 4. The appellant was silent as to why the suspension spanned 32 calendar days, rather than the 14 calendar days referred to in the suspension proposal, the appellant's response to that proposal, and the agency's decision letter. *See* IAF, Tab 6 at 54, 59, 62. Despite the appellant's silence, the agency's decision letter specifies that the suspension would be effective from December 10-19, 2013, and from January 6-9, 2014. *Id*. at 54. The agency explained that the suspension was broken into these two parts due to a Christmas recess at the school where the appellant is employed but that it totaled only 14 calendar days. *Id*. at 9 n.1. The agency attached supportive documentation in the form of executed Standard Form 50s, reflecting the two periods of suspension totaling 14 days. *Id*. at 49-52.

¶12        The appellant has not substantively responded to the agency's explanation and supportive documentation. Instead, his petition for review repeats his assertion that the suspension "began on December 10, 2013, and ran through January 9, 2014." PFR File, Tab 1 at 2.

¶13        Based upon the above, we agree with the administrative judge's conclusion that the appellant has not met his burden of proving Board jurisdiction, nor did he present a nonfrivolous allegation of Board jurisdiction entitling him to a hearing on the issue. Although the appellant has repeatedly argued that his suspension spanned 32 calendar days, the undisputed record establishes that he was only suspended for 14 of those days. Accordingly, we deny the petition for review and affirm the initial decision to dismiss for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

 If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.